HALL *et al. v.* CAUGHRAN.

(Division A. May 18, 1931. Suggestion of Error Overruled June 29, 1931.)

[134 So. 576. No. 29461.]

Geo. T. & Chas. S. Mitchell, of Tupelo, for appellants.

Blair & Anderson, of Tupelo, for appellee.

574

**Smith, C. J.**, delivered the opinion of the court.

Mrs. Hall, while walking toward the east on one side of a public highway in a rural community, the extent of the traffic on which does not appear, attempted to cross to the other side of the highway, and was struck and killed by an automobile, going west, owned by the appellee and driven by his servant; and this suit is by her heirs for the recovery of damages for her death. There was a verdict and judgment for the appellants for two hundred and fifty dollars, from which they have brought the case to this court.

The appellants' complaint is that the judgment is inadequate, caused, they say, by the following instructions granted the appellee:

"The court instructs the jury for the defendant that Mrs. Hall was guilty of gross negligence if she crossed the highway without looking for approaching cars and trucks."

"The court instructs the jury for the defendant that if Mrs. Albert Hall saw or could have seen the approaching truck by reasonable care and attempted to cross the highway without looking for danger, she was guilty of negligence which contributed to her death; and if you should find for the plaintiffs, then you must diminish their damages in the proportion that Mrs. Albert Hall's negligence bears to that of the defendant."

In crossing a street or highway, a pedestrian must exercise that care which an ordinarily careful and prudent man would exercise for his own safety under similar circumstances; but there is no absolute rule of law requiring a pedestrian under all circumstances to look for ap-

proaching automobiles before crossing a street or high-
way. Whether he should do so, to some extent, "nec-
essarily depends on the amount of traffic to be expected
at the place where he is crossing. What might be con-
sidered a reasonable precaution when crossing a highway
in a rural community might be considered as gross neg-
ligence in the case of a pedestrian crossing a crowded
thoroughfare in a large city." Huddy, Automobile Law,
5, 6 (9 Ed.), p. 142. "Whether, . . . in any given sit-
uation, the duty of stopping, looking, and listening be-
fore crossing a street rests upon the pedestrian with ref-
erence to passing automobles is not oridnarily determined
by the courts as a matter of law. His failure to look and
listen for motor vehicles before starting to cross is not
necessarily negligence; but whether it is so or not is
(ordinarily) a question of fact to be submitted to the jury
and shown by proof of the circumstances surrounding the
particular case." 2 Blashfield, Cyc. of Automobile Law,
p. 1031.

The case here presented is that of a pedestrian crossing
a highway in a rural community without evidence as to
the extent of the traffic thereon; and, whatever the rule
may be as to the absoluteness of the duty of a pedestrian
to look before crossing a crowded street or highway—as
to which we express no opinion—that question should here
have been left to the determination of the jury. The in-
structions hereinbefore set out should not have been
given.

The judgment of the court below will be reversed in so
far as it fixes the amount of damages, and will be re-
manded for a new trial on that question only.

Reversed and remanded for reassessment of damages.